IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TURBOCODE LLC,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**ASUSTEK COMPUTER INC.,**<br>        **Defendant.** | Civil Action No. 4:21-cv-294<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TurboCode LLC ("TurboCode" or "Plaintiff") hereby alleges for its Complaint for patent infringement against Defendant ASUSTeK Computer Inc. ("Asus" or "Defendant") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff TurboCode is a corporation organized under the laws of Delaware with a place of business at 1903 Toro Canyon, Austin, Texas 78746.

3. Defendant Asus is a Taiwanese company with a principal place of business at No. 15, Li-Te Rd., Beitou District, Taipei 112, Taiwan. Asus is involved in the design, development, manufacture, sale, and importation of the Accused Products. Upon information and belief, Defendant Asus is authorized to do business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, STE 900, Dallas, Texas 75201.

4. On information and belief, Defendant Asus sells and offers to sell products and services throughout the United States, including in this District, through its website, through major electronics retailers in North America, and in concert and partnership with third parties who sell mobile phones, personal computers, servers, notebook computers, televisions, and other consumer products, including products that infringe the patents asserted in this action (as discussed further below).

5. On information and belief, Asus conducts a significant amount of business in Texas and this District through online sales and advertisements directly to consumers, through product sales by Asus's distributors and resellers, and in concert and partnership with third parties who sell mobile phones, personal computers, servers, notebook computers, televisions, and other consumer products.

6. TurboCode is the assignee and owner of the patents at issue in this action: U.S. Patents Nos. 6,799,295 (the "'295 patent") and 6,813,742 (the "'742 patent") (collectively, the "Asserted Patents"). TurboCode holds all substantial rights, title, and interest in the Asserted Patents, including the exclusive right to sue Asus for infringement and recover damages, including damages for past infringement.

7. TurboCode seeks monetary damages and prejudgment interest for Asus's past and ongoing direct and indirect infringement of the Asserted Patents.

8. Defendant Asus is an electronics company that designs, develops, sells, offers to sell, and imports into the United States computer products in the communications, internet of things, computer, and consumer electronics industry.

9. On information and belief, Asus designs, develops, and/or manufacturers systems, products, and/or devices for importation into the United States for use, sale, and/or offer for sale

in this District and throughout the United States, including, but not limited to Asus's Fonepad, PadFone, ROG Phone, and Zenfone series smartphones, MeMO Pad, Nexus, VivoTab, and ZenPad series cellular-enabled tablets, AC1900, 4G-AC86U, 4G-N12 B1, 4G-AC53U, 4G-AC55U, and 4G-AC68U series modem routers, Asus Laptop (e.g., BR1100), Chromebook, ExpertBook, NovaGo, and Transformer series cellular-enabled laptops, and similar products, devices, systems, and components of systems that comply with the 3G and/or 4G/LTE standards as disclosed in the 3rd Generation Partnership Project ("3GPP") Standard Specifications governing cellular wireless communications (*e.g.*, TS 36.101-36.978, TS 26.071-26.999) ("'295 Accused Products").

10. On information and belief, Asus designs, develops, and/or manufacturers systems, products, and/or devices for importation into the United States for use, sale, and/or offer for sale in this District and throughout the United States, including, but not limited to Asus's Fonepad, PadFone, ROG Phone, and Zenfone series smartphones, MeMO Pad, Nexus, VivoTab, and ZenPad series cellular-enabled tablets, AC1900, 4G-AC86U, 4G-N12 B1, 4G-AC53U, 4G-AC55U, and 4G-AC68U series modem routers, Asus Laptop (e.g., BR1100), Chromebook, ExpertBook, NovaGo, and Transformer series cellular-enabled laptops, and similar products, devices, systems, and components of systems that comply with the 3G and/or 4G/LTE standards as disclosed in the 3rd Generation Partnership Project ("3GPP") Standard Specifications governing cellular wireless communications (*e.g.*, TS 26.071-26.999) ("'742 Accused Products").

11. On information and belief, Defendant Asus, a global electronics provider, works with third parties to design, develop, and/or manufacture third party products, such as mobile devices, tablet products, internet of things devices, automotive devices, networking and

broadband devices, and home devices that also infringe the Asserted Patents ("Third Party Products").  Asus assists third parties, directly or through others, to import the Third Party Products into the United States and sell and/or offer to sell such Third Party Products in the United States.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14. Asus is subject to this Court's general and specific personal jurisdiction at least because Asus has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042.  On information and belief, Asus contracted with one or more Texas residents in this District and one or both parties performed the contract at least in part in the State of Texas and in this District; Asus committed the tort of patent infringement in the State of Texas and in this District; Asus purposefully availed itself of the privileges of conducting business in the State of Texas and in this District; Asus regularly conducts and solicits business within the State of Texas and within this District; Asus recruits residents of the State of Texas and this District for employment inside or outside the State of Texas; Plaintiff's causes of action arise directly from Asus's business contacts and other activities in the State of Texas and in this District; and Asus distributes, makes available, imports, sells, and offers to sell products and services throughout the United States, including in this District, and introduces infringing products and services into the stream of commerce knowing that they would be used and sold in this District and elsewhere in the United States.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) with respect to Defendant Asus because it is a foreign corporation, which is subject to personal jurisdiction in this District and has regularly conducted business in this District, and because certain of the acts complained of herein occurred in this District.  Additionally, Asus—directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ships, distributes, offers for sale, imports, and/or sells its products in the United States and this District.  Asus has purposefully and voluntarily placed one or more of its products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District.  These products have been, and continue to be, purchased by consumers and businesses in this District.

## THE ASSERTED PATENTS

16. On September 28, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,799,295 ("the '295 Patent"), entitled "High speed turbo codes decoder for 3G using pipelined SISO log-map decoders architecture." A copy of the '295 Patent is attached hereto as Exhibit 1.

17. TurboCode owns all substantial right, title, and interest in the '295 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

18. On November 2, 2004, the USPTO duly and legally issued U.S. Patent No. 6,813,742 ("the '742 Patent"), entitled "High speed turbo codes decoder for 3G using pipelined SISO log-map decoders architecture." A copy of the '742 Patent is attached hereto as Exhibit 2.

19. TurboCode owns all substantial right, title, and interest in the '742 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,799,295**

20. TurboCode incorporates and realleges the preceding paragraphs as if fully set forth herein.

21. At least as of February 13, 2021, TurboCode placed Asus on actual notice of the '295 patent and actual notice that its actions constituted and continued to constitute infringement of the '295 patent. Asus has had actual knowledge of the '295 patent and its own infringement of the '295 patent since at least that time.

22. Asus has infringed one or more claims of the '295 patent, including but not limited to Claim 1, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing in the United States without authority cellular telephones, tablet computers, and/or other devices with 3G and/or 4G/LTE capabilities and that comply with the 3G and/or 4G/LTE standards as disclosed in the 3rd Generation Partnership Project ("3GPP") Standard Specifications governing cellular wireless communications (*e.g.*, TS 36.101-36.978, TS 26.071-26.999), and similar systems, products, and/or devices including the '295 Accused Products.

23. Discovery is expected to uncover the full extent of Asus's infringement of the '295 patent beyond the '295 Accused Products already identified herein.

24. Attached hereto as Exhibit 3, and incorporated by reference herein, is a claim chart detailing how the ZenFone 7 Pro, one of the '295 Accused Products, directly infringes independent Claim 1 of the '295 patent. Each of the elements of Claim 1 is found in this Asus representative product as shown in Exhibit 3. Asus is directly infringing, literally infringing, and/or infringing the '295 patent under the doctrine of equivalents. Asus is thus liable for infringement of the '295 patent pursuant to 35 U.S.C. § 271.

25. At least as of February 13, 2021, Asus was placed on actual notice of the '295 patent and actual notice that its actions constituted and continue to constitute infringement of one or more claims of the '295 patent.

26. On information and belief, Asus has induced and continues to induce infringement of one or more claims of the '295 patent, including, but not limited to, Claim 1, pursuant to 35 U.S.C. § 271(b) by encouraging its customers and other third parties such as users, distributors, wholesalers, and retailers of the '295 Accused Products to make, use, sell, offer to sell, and/or import in the United States without authorization the '295 Accused Products (or products of which the '295 Accused Products are components) as described above and/or by encouraging those same customers and third parties to use the '295 Accused Products (or products of which the '295 Accused Products are components).

27. Asus's acts of inducement include, *inter alia*: providing the '295 Accused Products to its customers and other third parties and intending them to use the '295 Accused Products; providing information, advertising, and instructions for these products through its own and third-party websites (*see, e.g.*, https://rog.asus.com/us/phones-group/); providing potential customers with instructions on how to obtain these products and warrantying the products when obtained through authorized distribution networks (*see, e.g.*, https://rog.asus.com/us/phones/rog-phone-3-model/wtb); providing support and training to enable customers to use the '295 Accused Products in an infringing way (*see, e.g.*, https://rog.asus.com/us/phones/rog-phone-3-model/helpdesk); encouraging customers and other third parties to communicate directly with Asus representatives about the '295 Accused Products for purposes of technical assistance and repair (*see, e.g.*, https://www.asus.com/us/support/callus (providing consumer portal through which technical issues and concerns regarding the '295 Accused Products can be addressed));

and encouraging customers and third parties to use the '295 Accused Products (*see, e.g.*, https://rog.asus.com/us/Phones/ROG-Phone-3-Model/).

28. Asus performed acts of inducement despite its actual knowledge since at least February 13, 2021, of the '295 patent and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its customers and other third parties constitute infringement of the '295 patent. At the very least, because Asus has been, and remains, on notice of the '295 patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

29. On information and belief, Asus has contributed to infringement of one or more claims of the '295 patent under 35 U.S.C. § 271(c), including, but not limited to Claim 1, by offering to sell or selling within the United States and/or importing into the United States without authorization, one or more components of the '295 Accused Products (or products of which the '295 Accused Products are components) with the knowledge (since at least February 13, 2021) that such component(s) are especially made or especially adapted for use in an infringement of the '295 patent and are not staple articles of commerce suitable for substantial non-infringing use.

30. For example, these components include a baseband processing system for iteratively decoding data received on multiple data paths, the system including two soft decision decoders wherein an output of the last soft decision decoder is fed back as an input to the first soft decision decoder according to the claimed invention of at least one claim of the '295 patent. Asus supplied, and continues to supply, these system on-chip components, products, or devices, including, without limitation, the '295 Accused Products with the knowledge of the '295 patent and with the knowledge that these components constitute critical and material parts of the

claimed inventions of the '295 patent.  Moreover, Asus knows at least by virtue of its knowledge of its own products and the '295 patent that these components are especially made and/or especially adapted for use as claimed in the '295 patent and there is no substantial non-infringing use of the claimed elements of these components.

31. TurboCode has suffered, and continues to suffer, damages as a result of Asus's infringement of the '295 patent.

32. Asus has continued to infringe the '295 patent since at least February 13, 2021, despite being on notice of the '295 patent and its infringement.  Asus has therefore infringed the '295 patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least February 13, 2021, at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, TurboCode is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

33. TurboCode reserves the right to modify its infringement theories as discovery progresses in this case.  TurboCode shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts that it provides with this Complaint.  TurboCode intends the claim chart (Exhibit 3) for the '295 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim chart is not TurboCode's preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,813,742

34. TurboCode incorporates and realleges the preceding paragraphs as if fully set forth herein.

35. At least as of February 13, 2021, TurboCode placed Asus on actual notice of the '742 patent and actual notice that its actions constituted and continued to constitute infringement of the '742 patent. Asus has had actual knowledge of the '742 patent and its own infringement of the '742 patent since at least that time.

36. Asus has infringed one or more claims of the '742 patent, including but not limited to Claims 1 and 6, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, at least by making, using, offering to sell, selling, and/or importing into the United States without authority cellular telephones, tablet computers, and/or other devices with 3G and/or 4G/LTE capabilities and that comply with the 3G and/or 4G/LTE standards as disclosed in the 3rd Generation Partnership Project ("3GPP") Standard Specifications governing cellular wireless communications (*e.g.*, TS 26.071-26.999), and similar systems, products, and/or devices including the '742 Accused Products.

37. Discovery is expected to uncover the full extent of Asus's infringement of the '742 patent beyond the '742 Accused Products already identified herein.

38. Attached hereto as Exhibit 4, and incorporated by reference herein, is a claim chart detailing how the ZenFone 7 Pro, one of the '742 Accused Products, directly infringes independent Claims 1 and 6 of the '742 patent. Each of the elements of Claims 1 and 6 is found in this Asus representative product as shown in Exhibit 4. Asus is directly infringing, literally infringing, and/or infringing the '742 patent under the doctrine of equivalents. Asus is thus liable for infringement of the '742 patent pursuant to 35 U.S.C. § 271.

39. At least as of February 13, 2021, Asus was placed on actual notice of the '742 patent and actual notice that its actions constituted and continue to constitute infringement of one or more claims of the '742 patent.

40. On information and belief, Asus has induced and continues to induce infringement of one or more claims of the '742 patent, including, but not limited to, Claims 1 and 6, pursuant to 35 U.S.C. § 271(b) by encouraging its customers and other third parties such as users, distributors, wholesalers, and retailers of the '742 Accused Products to make, use, sell, offer to sell, and/or import in the United States without authorization the '742 Accused Products (or products of which the '742 Accused Products are components) as described above and/or by encouraging those same customers and third parties to use the '742 Accused Products (or products of which the '742 Accused Products are components).

41. Asus's acts of inducement include, *inter alia*: providing the '742 Accused Products to its customers and other third parties and intending them to use the '742 Accused Products; providing information, advertising, and instructions for these products through its own and third-party websites (*see, e.g.*, https://rog.asus.com/us/phones-group/); providing potential customers with instructions on how to obtain these products and warrantying the products when obtained through authorized distribution networks (*see, e.g.*, https://rog.asus.com/us/phones/rog-phone-3-model/wtb); providing support and training to enable customers to use the '742 Accused Products in an infringing way (*see, e.g.*, https://rog.asus.com/us/phones/rog-phone-3-model/helpdesk); encouraging customers and other third parties to communicate directly with Asus representatives about the '742 Accused Products for purposes of technical assistance and repair (*see, e.g.*, https://www.asus.com/us/support/callus (providing consumer portal through which technical issues and concerns regarding the '742 Accused Products can be addressed)); and encouraging customers and third parties to use the '742 Accused Products (*see, e.g.*, https://rog.asus.com/us/Phones/ROG-Phone-3-Model/).

42. Asus performed acts of inducement despite its actual knowledge since at least February 13, 2021, of the '742 patent and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its customers and other third parties constitute infringement of the '742 patent. At the very least, because Asus has been, and remains, on notice of the '742 patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

43. On information and belief, Asus has contributed to infringement of one or more claims of the '742 patent under 35 U.S.C. § 271(c), including, but not limited to Claims 1 and 6, by offering to sell or selling within the United States and/or importing into the United States without authorization, one or more components of the '742 Accused Products (or products of which the '742 Accused Products are components) with the knowledge (since at least February 13, 2021) that such component(s) are especially made or especially adapted for use in an infringement of the '742 patent and are not staple articles of commerce suitable for substantial non-infringing use.

44. For example, these components include a baseband processor for iteratively processing sequences of received baseband digital signals according to the claimed invention of at least one claim of the '742 patent. Asus supplied, and continues to supply, these system on-chip components, products, or devices, including, without limitation, the '742 Accused Products with the knowledge of the '742 patent and with the knowledge that these components constitute critical and material parts of the claimed inventions of the '742 patent. Moreover, Asus knows at least by virtue of its knowledge of its own products and the '742 patent that these components are especially made and/or especially adapted for use as claimed in the '742 patent and there is no substantial non-infringing use of the claimed elements of these components.

45. TurboCode has suffered, and continues to suffer, damages as a result of Asus's infringement of the '742 Patent.

46. Asus has continued to infringe the '742 patent since at least February 13, 2021, despite being on notice of the '742 patent and its infringement. Asus has therefore infringed the '742 patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least February 13, 2021, at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement. As a result of at least this conduct, TurboCode is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

47. TurboCode reserves the right to modify its infringement theories as discovery progresses in this case. TurboCode shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts that it provides with this Complaint. TurboCode intends the claim chart (Exhibit 4) for the '742 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The claim chart is not TurboCode's preliminary or final infringement contentions or preliminary or final claim construction positions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TurboCode demands judgment for itself and against Asus as follows:

A. A judgment that Defendant has infringed, and continues to infringe, one or more claims of each of the Asserted Patents;

B. A judgment that Defendant has induced infringement, and continues to induce infringement, of one or more claims of each of the Asserted Patents;

- 14 -

C. A judgment that Defendant has contributed to, and continues to contribute to, the infringement of one or more claims of each of the Asserted Patents;

D. A judgment that Defendant has egregiously infringed one or more claims of each of the Asserted Patents;

E. A judgment awarding TurboCode all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

F. A judgment awarding TurboCode treble damages pursuant to 35 U.S.C. § 284 as a result of Defendant's egregious conduct;

G. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding TurboCode its reasonable attorneys' fees; and

H. A judgment awarding TurboCode such other relief as the Court may deem just and equitable.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff TurboCode demands a trial by jury of this action.


Dated:  April 12, 2021                                                     Respectfully submitted,

                                                                By:   /s/ Alex Chan
                                                                       Timothy Devlin
                                                                       tdevlin@devlinlawfirm.com
                                                                       Alex Chan
                                                                       State Bar No. 24108051
                                                                       achan@devlinlawfirm.com
                                                                       Andrew Sherman
                                                                       asherman@devlinlawfirm.com
                                                                       DEVLIN LAW FIRM LLC
                                                                       1526 Gilpin Avenue
                                                                       Wilmington, Delaware 19806
                                                                       Telephone: (302) 449-9010
                                                                       Facsimile: (302) 353-4251

                                                                       *Attorneys for Plaintiff,*
                                                                       *TurboCode LLC*