# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| TURBOCODE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC.,<br><br>    Defendant. | Civil Action No. 4:21-cv-00294<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT ASUSTEK COMPUTER INC.'S MOTION TO DISMISS PLAINTIFF TURBOCODE LLC'S COMPLAINT UNDER FED. R. CIV. P. 41(B)

# Table of Contents

## Contents

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| III. | LEGAL STANDARD | | 2 |
| IV. | ARGUMENT | | 3 |
| | A. | TurboCode's Complaint Should Be Involuntarily Dismissed with Prejudice Under Fed. R. Civ. P. 41(b) For Failure to Comply With The Federal Rules Of Civil Procedure | 3 |
| | | 1. TurboCode's Notice of Voluntary Dismissal Is Improper | 4 |
| | | 2. Where TurboCode's Complaint Is Involuntarily Dismissed, Ongoing Case Management Will Be Made Easier | 4 |
| | | 3. TurboCode Acted Willfully in Its Non-Compliance And Indifferently With Respect To Defendant | 5 |
| V. | CONCLUSION | | 7 |

Defendant Asustek Computer Inc. ("Asus") respectfully submits this motion to dismiss TurboCode LLC's ("TurboCode") Complaint (Dkt. 1, "Complaint") under Fed. R. Civ. P. 41(b) for failure to comply with the Federal Rules of Civil Procedure, and particularly for failure to comply to Fed. R. Civ. P. 41(a)(1)(A)(i).

## I. INTRODUCTION

In its late-filed Notice of Partial Voluntary Dismissal[1], TurboCode attempts to partially dismiss the claims against Asus raised in TurboCode's Complaint.[2] This action, however, was taken by TurboCode in willful violation of the Federal Rules of Civil Procedure. TurboCode knew or at least was made aware (by Asus) of the possibility of unavailability of Fed. R. Civ. P. 41(a) to voluntarily dismiss less than all claims of an action. That is, TurboCode should have been aware that it should instead file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Nonetheless, TurboCode willfully chose the improper route in attempt to dismiss one or more claims more easily against Asus.

As a result of TurboCode's willful non-compliance with the Federal Rules of Civil Procedure, Asus moves to dismiss the action against it by TurboCode. Asus respectfully requests that the Court issues an order for involuntary dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(b).

## II. FACTUAL BACKGROUND

On April 12, 2021, TurboCode filed the Complaint against Defendant Asus.

On August 23, 2021, counsel for Asus contacted counsel for TurboCode to inquire regarding Count 1 of the Complaint (Infringement of U.S. Patent No. 6,799,295). Asus indicated that it was aware of TurboCode's voluntary dismissal of similar counts related to infringement

---

[1] TurboCode filed a Notice of Voluntary Dismissal on August 23, 2021, dismissing Count 1 for infringement of the '295 patent without prejudice. *See* Dkt. 6 at 1. Accordingly, TurboCode intends that only the '742 patent remains asserted in this case.

[2] TurboCode's Complaint, Dkt. 1, asserts two patents, U.S. Patent Nos. 6,799,295 (the "'295 patent") and 6,813,742 (the "'742 patent").

of the '295 patent in TurboCode's currently pending suits against HP Inc.[3] and against Dell Inc.[4] At the time, Asus also suggested filing an amended complaint in lieu of TurboCode's proposed Notice of Voluntary Dismissal and based on unavailability of such a Notice to remove less than all counts of an action against a defendant.

More than four months after filing its Complaint against Asus, TurboCode filed on August 23, 2021 its Notice of Partial Voluntary Dismissal of Count 1 of the Complaint (Infringement of U.S. Patent No. 6,799,295).

### III. LEGAL STANDARD

The right of a plaintiff to voluntarily dismiss an action is facilitated by Fed. R. Civ. P. 41(a) Voluntary Dismissal. In particular, Fed. R. Civ. P. 41(a)(1)(A) and Fed. R. Civ. P. 41(a)(1)(A)(i) together read that "the plaintiff may dismiss an <u>action</u> without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment". (Emphasis added.)

However, "Rule 41(a) dismissal only applies to the dismissal of an entire action – not particular claims." *See, Bailey v. Shell W. E&P Inc.*, 609 F.3d 710, 720 (5th Cir. 2010).[5] That is, the 5th Circuit Court of Appeals has made clear that a plaintiff cannot avail itself of a Rule 41(a) voluntary dismissal of less than all claims of an action. Indeed, citing *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979), the Court in *Bailey* further states that "when Rule 41(a) refers to Dismissal of an 'action', there is no reason to suppose that the term is intended to include the separate claims which make up an action. When Dismissal of a claim is intended, as in Rule 41(b), that concept is spelled out in plain language."[6] Further, the Court in *Exxon*, three decades prior, explicitly stated that "the

---

[3] *TurboCode LLC v. HP Inc. and Hewlett Packard Enterprise Company*, Civil Action No. 6:21-cv-360 in The United States District Court for the Western District of Texas, Waco Division, filed April 12, 2021. The Notice was filed on June 25, 2021 and is document 11.

[4] *TurboCode LLC v. Dell Technologies Inc. and Dell Inc.*, Civil Action No. 6:21-cv-359 in The United States District Court for the Western District of Texas, Waco Division, filed April 12, 2021. The Notice was filed on July 2, 2021 and is document 11.

[5] Citing *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979).

[6] *Bailey* at 720.

Federal Rules of Civil Procedure clearly distinguish between a 'claim' and an 'action'."[7] That is, Rule 41(a) is clearly directed to an entire "action", rather than to a separate "claim" of an action. Indeed, "'[t]he effect of [a Rule 41(a)(1)] dismissal is to put the plaintiff in a legal position as if he had never brought the first suit',"[8] and thus dismissal of less than an entire action would not put the plaintiff in such legal position.

To facilitate a voluntary dismissal of more than one claim of an action, the right of a plaintiff to amend a complaint before trial is facilitated by Fed. R. Civ. P. 15(a)(1). This rule provides that "[a] party may amend its pleading once as a matter of course." That is, Fed. R. Civ. P. 15(a) provides an avenue for a plaintiff to amend a complaint to, for example, remove one or more claims of action against a defendant.

Further, for failure to comply with the Federal Rules of Civil Procedure, Fed. R. Civ. P. 41(b) enables a court to dismiss a case and can operate as an adjudication on the merits. Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

## IV. ARGUMENT

### A. TurboCode's Complaint Should Be Involuntarily Dismissed with Prejudice Under Fed. R. Civ. P. 41(b) For Failure to Comply With The Federal Rules Of Civil Procedure

Courts previously defined whether a plaintiff is able to dismiss less than all claims of an action under Fed. R. Civ. P. 41(a). *See, e.g., Bailey* and *Exxon*. Indeed, under 5th Circuit of Appeals precedent, applicable to this Court, Rule 41(a) dismissal only applies to the dismissal

---

[7] *Exxon* at 662, citing *Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61F.R.D. 24, 29 (E.D.Pa. 1973).

[8] *Bailey* at 718, citing *Harvey Specialty & Supply, Inc. v. Anson Flowline*, 434 F.3d 320, 324 (5th Cir. 2005).

of an entire action and not to particular or discreet claims.[9] Counter to this precedent, Plaintiff TurboCode has filed an improper Notice of Voluntary Dismissal of less than all claims of the subject action.

1. **TurboCode's Notice of Voluntary Dismissal Is Improper**

The Court should find that TurboCode's Notice of Voluntary Dismissal[10] is improper. "Rule 41(a) dismissal only applies to the dismissal of an entire action – not particular claims." *See, Bailey* at 720.[11] Citing *Exxon* at 662, the Court in *Bailey* states that "when Rule 41(a) refers to Dismissal of an 'action', there is no reason to suppose that the term is intended to include the separate claims which make up an action. When Dismissal of a claim is intended, as in Rule 41(b), that concept is spelled out in plain language."[12] Plainly, a plaintiff cannot voluntarily and unilaterally dismiss less than all claims (i.e., a full action) against a defendant via a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a). Accordingly, TurboCode's Notice of Voluntary Dismissal is void and has no effect on the claims enumerated in the Complaint.[13]

2. **Where TurboCode's Complaint Is Involuntarily Dismissed, Ongoing Case Management Will Be Made Easier**

Should the Court decide not to dismiss TurboCode's Complaint <u>with</u> prejudice, the Court should at least dismiss the Complaint <u>without</u> prejudice, and thereby force TurboCode to file a corrected Complaint. Case management will be made easier for the Court and parties later if there is one complaint document and one answer document to be referenced. Otherwise, the Court and parties will have to confusingly refer to multiple complaint and/or answer documents in pleadings, orders, etc. The undersigned was recently involved in a jury trial in this district in

---

[9] *Bailey* at 720.

[10] Notice, Dkt. 6.

[11] Citing *Exxon* at 662.

[12] *Bailey* at 720.

[13] *Exxon* at 662 and 663 ("Exxon had no power unilaterally to withdraw the second claim from its complaint [via Rule 41(a)], and the second claim is still pending in district court."). The Court in *Exxon* determined that because Exxon's Notice of Voluntary Dismissal was improper, the Notice was void and had no effect on the claims pending in Exxon's complaint.

4

which plaintiff argued that the defendant had waived the standing challenge by not presenting that challenge early in the case. The complaint and the answer were scrutinized by the court. It is important that there be one complaint document and one answer document.

Particularly in this case, Count I is not easily separable and removable from the remainder of the Complaint. The two patents mentioned in the Complaint are related in that one is a continuation of the other. Some paragraphs of the Complaint discuss both patents and some paragraphs of the Complaint discuss the '295 patent (which the TurboCode seeks to dismiss) even though those paragraphs are not in the Count I section. *See* Complaint (ECF No. 1) at ¶¶6, 16 and 17. Also, the Count II section incorporates by reference all the paragraphs of Count I. *Id.* at ¶34. Thus, even as a practical matter, Count I and Count II are intertwined and Count I is not separable from the remainder of the Complaint without extensive amendments to the Complaint.

### 3. TurboCode Acted Willfully in Its Non-Compliance And Indifferently With Respect To Defendant

In view of the intent and indifference to effect of TurboCode's actions, TurboCode's Complaint should be involuntarily dismissed <u>with prejudice</u>.

TurboCode knew or at least was made aware by Asus that TurboCode should inquire regarding filing of an amended complaint as compared to filing of a notice of voluntary dismissal. On August 23, counsel for Asus and counsel for TurboCode discussed whether TurboCode would be dismissing Count 1 (Infringement of U.S. Patent No. 6,799,295) of its complaint as TurboCode had already done in two similar actions. Those actions were filed against HP Inc.[14] and Dell Inc.[15] on the same day[16] as the filing of the Complaint here. In those actions, TurboCode filed respective notices to voluntarily dismiss[17] respective Count 1's (Infringement of U.S. Patent No. 6,799,295).

---

[14] Civil Action No. 6:21-cv-360 in The United States District Court for the Western District of Texas, Waco Division, filed April 12, 2021.

[15] Civil Action No. 6:21-cv-359 in The United States District Court for the Western District of Texas, Waco Division, filed April 12, 2021.

[16] April 12, 2021

[17] Dkt. 11 in each of the respective actions.

5

As part of the discussions of August 23, 2021, Asus asked TurboCode to file an amended complaint in lieu of a notice of voluntary dismissal, indicating that a notice of voluntary dismissal would not work for dismissal of less than all claims of an action. No precedent was discussed at the time, yet TurboCode was "put on notice" that the filing of a notice of voluntary dismissal to dismiss only Count 1 could violate the Federal Rules of Civil Procedure. TurboCode refused to file an amended complaint, and instead filed its Notice of Voluntary Dismissal[18] later that same day.[19] Accordingly, in view of the foregoing, TurboCode's action in filing the improper Notice of Voluntary Dismissal was willful.

Furthermore, TurboCode, acted completely indifferently to the effects of its actions on Defendant Asus, and unnecessarily delayed the attempt to dismiss Count 1 of the Complaint. TurboCode similarly dismissed Count 1 (Infringement of U.S. Patent No. 6,799,295) of its actions against HP Inc.[20] on June 25, 2021 and against Dell Inc.[21] on July 2, 2021. And it is notable that actions against all three separate defendants – HP Inc., Dell Inc. and Asus – were all filed on the same day of April 12, 2021. Yet ignoring any possible harm, and indeed causing actual harm, to Defendant Asus, TurboCode unnecessarily waited nearly two months after initially filing its Complaint to file its Notice on August 23, 2021. Moreover, TurboCode waited to file its Notice until a mere three days before the August 26, 2021 deadline for Asus's response to TurboCode's Complaint. This has unfairly caused Asus to spend time and money on conducting non-infringement and invalidity analyses of the '295 patent, to which Count 1 of TurboCode's Complaint is directed. Asus further has had to unfairly spend time and money on preparing this Motion. This harm could have been easily avoided had TurboCode simply followed the Federal Rules of Civil Procedure and timely filed an amended complaint to properly remove Count 1.

---

[18] Notice, Dkt. 6.
[19] August 23, 2021.
[20] Civil Action No. 6:21-cv-360, Dkt. 11.
[21] Civil Action No. 6:21-cv-359, Dkt. 11.

## V. CONCLUSION

Asus respectfully requests that the Court determine that TurboCode willfully failed to comply with the Federal Rules of Civil Procedure, and particularly with Fed. R. Civ. P. 41(a). In view thereof, Asus respectfully requests that the Court dismiss the subject action with prejudice for failure to comply with the Federal Rules of Procedure under Fed. R. Civ. P. 41(b). The Court should also order TurboCode to pay reasonable attorney fees to Asus for preparation of this motion.

Dated: August 26, 2021                    Respectfully submitted,

By:  */s/Vinay V. Joshi*
Vinay V. Joshi (Lead Attorney)
vjoshi@thepatentattorneys.com
Calif. Bar No. 213487

Andrew T. Oliver
aoliver@atwiplaw.com
Calif. Bar No. 226098

Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile: (216) 696-8731

Counsel for Defendant
ASUSTeK Computer Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.



**Vinay V. Joshi**