UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TURBOCODE LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-294-SDJ |
| | § | |
| ASUSTEK COMPUTER INC. | § | |

## ORDER

Before the Court is Defendant Asustek Computer Inc.'s Motion to Dismiss Plaintiff TurboCode LLC's Complaint under Federal Rule of Civil Procedure 41(b), (Dkt. #8). The Court has considered the motion, the responsive briefing, and the applicable authorities and concludes that the motion should be **DENIED**.

By prior order, this Court has stricken TurboCode's Notice of Partial Voluntary Dismissal "pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)," (Dkt. #6), because "Rule 41(a) should not be available to dismiss only some claims a plaintiff has against a defendant." *CBX Res., L.L.C. v. ACE Am. Ins. Co.*, 959 F.3d 175, 177 (5th Cir. 2020), cert. denied, 141 S. Ct. 1372, 209 L. Ed. 2d 119 (2021). Asustek argues that, as a result of TurboCode's "willful non-compliance with the Federal Rules of Civil Procedure," the Court should issue an order of involuntary dismissal of the entire case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). In Asustek's view, such a dismissal would make ongoing case management easier. In response, TurboCode contends that Asustek fails to apply the proper test for dismissal under Rule 41(b).

TurboCode is correct that Asustek fails to apply the proper test for dismissal under Rule 41(b). At the outset, it is important to note that "dismissal with prejudice is a severe sanction." *Campbell v. Wilkinson,* 988 F.3d 798, 801 (5th Cir. 2021). Such dismissals under Rule 41(b) are only proper when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) . . . lesser sanctions would not prompt diligent prosecution." *Id.* Further, the Fifth Circuit has noted that in most cases where it has affirmed a dismissal with prejudice there has been at least one of the following aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 802.

Applying this test, a Rule 41(b) dismissal would be inappropriate. There is no record of delay or contumacious conduct by TurboCode. In fact, although it used the wrong procedural mechanism, it appears from the record that TurboCode attempted to dismiss one of its claims promptly after counsel for Asustek inquired regarding that claim. Accordingly, the Court concludes that Asustek's request for a Rule 41(b) dismissal should be denied.[1]

Accordingly, for the reasons stated herein, the Court **DENIES** Asustek Computer Inc.'s Motion to Dismiss Plaintiff TurboCode LLC's Complaint under Federal Rule of Civil Procedure 41(b), (Dkt. #8).

---

[1] In its response, TurboCode highlights the fact that Asustek failed to file an answer or a Rule 12 motion in response to the complaint. TurboCode therefore asks the Court to "impose appropriate reciprocal sanctions." Because the Court concludes that such a sanction is not appropriate in this case, the Court denies TurboCode's request.

**So ORDERED and SIGNED this 19th day of January, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE